IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                        Civ. No. 11-389

$67,340.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

CARLOS FLORES-SOTO A/K/A CARLOS SOTO AND
FLORY I. SCHUTT

    *Claimants.*

## Verified Complaint for Forfeiture *In Rem*

Plaintiff states:

### Jurisdiction and Venue

1.     This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of Sixty-Seven Thousand Three Hundred Forty ($67,340.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

## Parties and Claimants

5. The following persons may claim an interest in Defendant Currency:

 (a). Carlos Flores-Soto a/k/a Carlos Soto at 3812 West Fillmore Street, Phoenix, AZ 85009 and/or 5211 North 42nd Parkway, Phoenix, AZ 85019 and/or 5535 West McDowell Road, Apt. 2074, Phoenix, AZ 85035 and/or 3939 North Park Ave., Indianapolis, IN 46205;

 (b). Flory Idalma Schutt at 3939 North Park Ave., Indianapolis, IN 46205.

## Facts

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6. On December 14, 2010, New Mexico State Police Motor Transportation Division Officer John Valdez conducted a traffic stop of a 2003 Blue Chevrolet S-10 Truck and made contact with the driver and sole occupant, Carlos Flores-Soto a/k/a Carlos Soto. Officer Valdez smelled a strong odor of air fresheners and observed an air freshener hanging from the right seat belt.

7. Flores handed the officer his driver's license, which was issued in the state of Arizona. The S-10 truck, however, was registered in Indiana to Carlos Flores-Soto. Upon questioning, Flores stated he had purchased the vehicle in Phoenix; and that he was coming from

2

Indiana and driving to Phoenix, AZ. Flores advised that he was in the process of moving to Indianapolis, IN and currently lives in Phoenix, AZ.

8. After issuing the traffic citation, Officer Valdez requested and received verbal and written consent from Flores to search the 2003 Chevrolet S-10 truck.

9. Officer Valdez noticed loose panels behind the doors. After closer inspection, it was evident that the dash molding had been removed. Officer Valdez dropped the tail gate and observed that a screw on the left side of the tail light was missing and the screws on the right side tail light appeared recently tooled. Officer Valdez removed the right side tail light and discovered that the hole around the tail light had been enlarged. Officer Valdez found seven clear tape-wrapped packages containing U.S. Currency concealed in the void behind the tail light.

10. Flores denied any knowledge of the currency. Flores signed a written disclaimer of ownership of the currency.

11. Drug Enforcement Administration (DEA) Agents seized the currency on December 14, 2011. The currency totaled $67,340.

12. Carlos Flores-Soto a/k/a Carlos Soto has no known employment history.

13. Flory I. Schutt filed a claim of ownership with the Drug Enforcement Administration on February 10, 2011.

**Claim for Relief**

14. Defendant currency is subject to arrest and forfeiture to Plaintiff under

21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

15. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

16. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P. O. Box 607
Albuquerque, New Mexico  87103-0607
(505) 346-7274

### 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 5/6/11

Kevin L. Garver, Special Agent
Drug Enforcement Administration